UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:73-6971 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| BEVERLY BRILEY, et. al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GANNETT SATELLITE | ) | |
| INFORMATION, INC. d/b/a | ) | |
| *THE TENNESSEAN*, | ) | |
| NEWSCHANNEL 5 NETWORK | ) | |
| | ) | |
| Intervenors. | ) | |

### MEMORANDUM

This case comes before the court on the recommendation of the Magistrate Judge to deny the Motion to Intervene filed by *The Tennessean* (Docket No. 5), to which *The Tennessean* has objected (Docket No. 30), and the plaintiff has responded (Docket No. 38), and on a Motion to Intervene filed by NewsChannel 5 Network (Docket No. 36), to which no response has been filed.[1] For the reasons cited herein, both motions to intervene will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This class action lawsuit arises from a Consent Decree originally entered into by the

---

[1] The plaintiff did address NewsChannel 5 Network's proposed intervention in one paragraph of its Response to the Objections to the Report and Recommendation. (Docket No. 38 at p. 2)

1

Metropolitan Government of Nashville and Davidson County ("Metro"), the state of Tennessee, and plaintiff John Doe, individually and on behalf of all others similarly situated, on March 22, 1974. The Consent Decree settled a lawsuit filed in the United States District Court for the Middle District of Tennessee and limited the public's access to arrest records. The Consent Decree provides, in relevant part:

> The Metropolitan Government of Nashville defendants, their successors, their agents, their employees and others acting under their supervision or control shall hereinafter limit access to the records of arrest under their control as follows: the arrest records maintained by the Metropolitan Government of Nashville of persons arrested by the Metropolitan Government of Nashville but who are not convicted of the charges upon which the arrest was predicated will be revealed only to law enforcement agencies and only for official law enforcement purposes; . . . . The Metropolitan Government of Nashville defendants and the State of Tennessee defendant, his successors, agents, employees and those under his supervision and control are hereby enjoined from disseminating such arrest records as above described except to such law enforcement agencies for official law enforcement purposes.

(Original Docket No. 35; Docket No. 19, Ex. B at ¶ 1) In addition, the Consent Decree states that "[t]his court reserves jurisdiction over this matter to assure compliance with this and any subsequent Order." (*Id*. at ¶ 6)

On July 17, 2006, more than thirty-two years after the entry of the 1974 decree, the plaintiff class filed a Motion to Assure Compliance (Docket No. 2), in light of the Metro Police Department's recent practice of posting pictures of alleged patrons of prostitution ("johns"), and other individuals arrested in prostitution stings, on the internet. (Docket No. 3, Ex. 1) In the Motion to Assure Compliance, the plaintiffs request the court to (1) restore this case to its active docket; (2) order Metro and the State of Tennessee to refrain from disseminating and providing general access to arrest records unless and until the arrested persons are convicted of the crime for which they were arrested; and (3) dismantle its "john" website "root and branch," cease and

2

desist posting the arrest records and/or photographs of arrested persons who have not been convicted, and limit the dissemination of those records to law enforcement agents for law enforcement purposes. (Docket No. 2 at p. 2-3) In addition, the plaintiff requests that the court issue an order requiring the defendants to perform a "detailed and comprehensive self-study" regarding relevant practices and procedures, determining, specifically, what information is shared with whom under the current practice. (Docket No. 3 at p. 6)

On July 21, 2006, this action was referred to Magistrate Judge Juliet Griffin for case management, for ruling on all nondispositive motions and for recommendation on all dispositive motions. (Docket No. 4) On August 8, 2006, *The Tennessean* moved to intervene for the purpose of opposing the plaintiff's motion to enforce the 1974 Consent Decree. (Docket No. 5) On August 14, 2006, Magistrate Judge Griffin transferred the case to Magistrate Judge John Bryant. (Docket No. 15) On February 20, 2007, Judge Bryant issued a Report and Recommendation, recommending that the plaintiff's Motion to Assure Compliance be granted in part and denied in part, and that *The Tennessean*'s Motion to Intervene be denied. (Docket No. 29) On March 2, 2007, *The Tennessean* filed its objections to the Report and Recommendation (Docket No. 30). On March 8, 2007, NewsChannel 5 Network moved to intervene to protect its alleged First Amendment constitutional rights and statutory rights to access public records.

## ANALYSIS

### I. Standard of Review

In 28 U.S.C. § 636, Congress "relieve[d] some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Section 636(b) creates two different standards of review for

3

magistrates' findings that are challenged in district court. District courts "apply a 'clearly erroneous or contrary to law' standard of review for . . . 'nondispositive' preliminary measures," while, "[c]onversely, 'dispositive motions' . . . such as motions for summary judgment or for the suppression of evidence are governed by the de novo standard." *Id*. (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

Likewise, Rule 72 of the Federal Rules of Civil Procedure provides that district courts should set aside a Magistrate Judge's order regarding non-dispositive matters, to which objection has been timely made, if the order "is clearly erroneous or contrary to law," Fed. R. Civ. P. 72(a), while the district courts should review *de novo* any recommendation regarding a dispositive motion to which timely objection is made. Fed. R. Civ. P. 72(b).

*The Tennesseean* challenges Magistrate Judge Bryant's recommendation to deny its Motion to Intervene. In accordance with Rule 72(b) of the Federal Rules of Civil Procedure, the court reviews that recommendation *de novo*. Because NewsChannel 5 Network did not file its Motion to Intervene until after Magistrate Judge Bryant issued his recommendations, the court will also rule on NewsChannel 5 Network's motion on the merits. With these standards in mind, the court turns to an analysis of the parties' motions.

**II.     Intervention As Of Right**

Rule 24 of the Federal Rules of Civil Procedure provides that a non-party may intervene in a litigation as of right:

> When the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

4

Fed. R. Civ. P. 24(a)(2). The Sixth Circuit has construed Rule 24(a) to require would-be intervenors to establish "'(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.'" *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997); *see also Blount-Hill v. Board of Education of Ohio*, 195 Fed. Appx. 482, 484 (6th Cir. 2006).

### A. Timeliness of the Application

The determination of whether a proposed intervention is timely should be performed "in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990) (citing *Bradley v. Milliken*, 828 F.2d 1186, 1191 (6th Cir. 1987). In particular, the Sixth Circuit has identified the following factors to be considered: "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention." *Id*. (citing *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989)).

In light of the fact that the consent decree was entered into in 1974, the plaintiff attempts to characterize the proposed interventions as "post-judgment" interventions, subject to considerable delay, and cites legal treatises for the proposition that motions "for post-judgment

intervention [are] particularly disfavored if the applicant had a reasonable basis for knowing before final judgment that its interests were at risk." 6 Moore's Federal Practice (3d ed. 2006) § 2421[2]; *see also* 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 2D § 1916 at 444-445 (2d ed. 1986) ("There is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant.")

However, in the court's view, the relevant judgment for purposes of the proposed interventions is not the judgment entered in 1974, but the judgment yet to be entered, concerning the Motion to Assure Compliance filed by the plaintiff and the challenges to the Consent Decree made by the defendants. Although consent decrees are binding judgments carrying the full force of the law, it cannot be the case that, once a consent decree is well established, it can never be challenged by non-parties, regardless of changes in the law or circumstances. *The Tennessean* filed its Motion to Intervene on August 2, 2006—less than one month after the plaintiff filed his Motion to Assure Compliance—and NewsChannel 5 Network filed its Motion to Intervene on March 8, 2007—roughly eight months after the plaintiff filed its motion to assure compliance. Before that time, because the defendants' policies had gone unchallenged for a number of years, neither *The Tennesssean* nor NewsChannel 5 Network had a "reasonable basis for knowing . . . that its interests were at risk." Because a final judgment has not been entered regarding the plaintiff's motion, and because oral argument has not yet taken place on the outstanding motions in this case, the first factor—the point to which the suit has progressed—and the third factor—the length of time preceding the application during which the proposed intervenors knew or should have known of their interest—weigh in favor of intervention for both parties.

6

The court finds that the remaining factors also weigh in favor of intervention. The second factor—the purposes for which the intervention is sought—seems to blur into the "substantial legal interest" requirement, discussed below. However, the court finds that both proposed intervenors' purposes—the protection of alleged state statutory and federal constitutional rights—weigh in favor of intervention. Additionally, due to the promptness of the proposed interventions in relation to the plaintiff's Motion to Assure Compliance, the proposed intervenors have not prejudiced the plaintiff in any meaningful way. Finally, the "special circumstances" of this case, in which the proposed intervenors were ignorant of a long-standing consent decree for the reason that the consent decree was not being enforced, weigh in favor of intervention. Accordingly, the court concludes that the applications were timely.

### B. A Substantial Legal Interest in the Case

Next, the petitioning intervenors must show that they possess a substantial legal interest in the case. The Sixth Circuit subscribes to "a 'rather expansive notion of the interest sufficient to invoke intervention'" by right. *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (quoting *Miller*, 103 F.3d at 1245); *see also Bradley*, 828 F.2d at 1192 ("[T]his court has acknowledged that 'interest' is to be construed liberally."). An intervenor need not have the same standing that would be necessary to initiate a lawsuit, *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991), or even a specific legal or equitable interest. *Id.*, *see also Miller*, 103 F.3d at 1245-46. The Sixth Circuit has further directed that "[t]he inquiry into the substantiality of the claimed interest is necessarily fact-specific." *Miller*, 103 F.3d at 1245.

Both *The Tennessean* and NewsChannel 5 Network assert a First Amendment interest in access to arrest information, and a state law interest in the arrest records under the Tennessee

7

Public Records Act. As the plaintiff has noted, it is far from certain that either of the proposed intervenors has First Amendment rights to access arrest records held by the defendants. *See Los Angeles Police Department v. United Reporting Publishing Corp.*, 528 U.S. 32, 40 (1999) ("California could decide not to give out arrestee information at all without violating the First Amendment."); *Houchins v. KQED, Inc.*, 438 U.S. 1, 9 (1978) ("This Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control"). The Supreme Court has held that the First Amendment does require access to judicial information, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) ("We hold that the right to attend criminal trials is implicit in the guarantees of the First Amendment."), but neither the Supreme Court nor any circuit court of appeals has ever held that those rights of access extend to municipal arrest records. To the extent that the information available from the two different sources (municipal departmental records and judicial records) overlaps, it would not be inconsistent with precedent to require access to that information from one venue, while barring it from another.

However, both parties do have First Amendment interests in dissemination of the arrest records once they have gained access to them, and that interest is arguably in jeopardy. This interest in dissemination alone might not establish standing for either proposed intervenor to challenge the consent decree, but the Sixth Circuit has been very clear that a party need not demonstrate the standing required to bring an action in order to intervene. *Purnell*, 925 F.2d at 948. Further, the parties have each asserted an interest in the records pursuant to the Tennessee Public Records Act, Tennessee Code Annotated § 10-7-503(a). That statute grants the public access to public records unless otherwise provided by state law. *Id*. The interaction between §

8

10-7-503(a) (passed prior to the entry of the consent decree, in 1957) and the 1974 consent decree will be a matter of dispute in this case; however, that statute goes far enough to establish a "substantial legal interest" for both proposed intervenors.[2]

### C. Impairment of the Applicant's Ability to Protect its Interest

In addition, the petitioning intervenors must show that their abilities to protect their interests in the litigation could be impaired absent intervention. To satisfy this element, "'a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied.'" *Grutter*, 188 F.3d at 399 (quoting *Miller*, 103 F.3d at 1247). "This burden is minimal." *Id*. (citations omitted).

Both *The Tennessean* and NewsChannel 5 Network have met this minimal burden. The proposed intervenors' interests, defined above, both risk impairment if the intervention is denied. If the court grants the plaintiff's Motion to Assure Compliance and upholds the 1974 consent decree, the proposed intervenors' interests in accessing and disseminating information will be impaired.

### D. Inadequate Representation of the Interest

Finally, the petitioning intervenors must show that the parties already before the court do not adequately protect their interests in the litigation. The proposed intervenors "are 'not

---

[2]Magistrate Judge Bryant based his recommendation to deny *The Tennessean*'s Motion to Intervene primarily on the basis that *The Tennessean* had not demonstrated a First Amendment right of access to the arrest records. However, as discussed above, this court takes a different view of the matter, on the basis that the Sixth Circuit does not require a party to demonstrate a specific legal or equitable right in order to intervene under Rule 24(a)(2). Based on this court's reading of Sixth Circuit precedent, the proposed intervenors' interests in accessing and disseminating the arrest information under the First Amendment and the Tennessee Public Records Act suffice to demonstrate a "substantial legal interest" for the purposes of Rule 24(a)(2).

required to show that the representation will in fact be inadequate.'" *Grutter*, 188 F.3d at 400 (quoting *Miller*, 103 F.3d at 1247). Instead, "[i]t may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments.'" *Id*. (citations omitted).

*The Tennessean* and NewsChannel 5 Network have both met this final burden. Both parties assert a right of access to arrest information under the Tennessee Public Records Act that the defendants—public entities themselves—can raise only indirectly, as a matter of public interest. Further, unlike the proposed intervenors, the defendants in this case, who were parties to the original consent decree, may have difficulty overcoming the "delay" challenge to their Rule 60(b) motion. Finally, both moving parties point to the fact that their interests were not adequately represented when the defendants entered into the 1974 Consent Decree in the first place. Accordingly, the court holds that both proposed intervenors have demonstrated all four requirements for intervention as of right. Both motions will be granted on that basis.

### III.    Permissive Intervention

In addition, both *The Tennessean* and NewsChannel 5 Network have moved, alternatively, for permissive intervention under Rule 24(b)(2) of the Federal Rules of Civil Procedure. Permissive intervention may be granted where "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id*.

The proposed intervenors have both demonstrated a question of law or fact in common with the underlying litigation. One important issue of law relating to all the parties in this case is

10

whether the plaintiff has a constitutional right of privacy in the arrest records. As discussed above, the proposed intervenors both moved to intervene on a timely basis and, due to the relatively early stage of the litigation, neither intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Accordingly, even if the parties had not made an adequate showing for intervention as of right, the court would grant both motions under Rule 24(b)(2).

## CONCLUSION

For the reasons stated herein, the Motions to Intervene filed by the *The Tennessean* (Docket No. 5) and by NewsChannel 5 Network (Docket No. 36) will be **GRANTED**.

An appropriate order will enter.

_____
ALETA A. TRAUGER
United States District Judge