UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:73-6971 |
| ) | Judge Trauger |
| v. ) | |
| ) | |
| BEVERLY BRILEY, et. al. ) | |
| ) | |
| Defendants, ) | |
| ) | |

### ORDER

On March 22, 1974, a class of plaintiffs, the Metropolitan Government of Nashville, and the State of Tennessee entered into a consent decree in this court. Since that time, this consent decree has been honored more in the breach than in the observance. The court agrees with the plaintiff's interpretation of the terms of the 1974 consent decree: that the agreement barred the defendants from disseminating arrest records of individuals who had been arrested but not yet convicted of crimes. However, the court is convinced that the constitutional right that, at the time, justified entry of the 1974 decree has, over the past 33 years, substantially eroded. Supreme Court and Sixth Circuit precedent now indicates that there is no constitutional right protecting individuals from the dissemination of arrest records unless the dissemination is accompanied by the deprivation of a more tangible interest, such as continued employment. In addition, Tennessee statutory law, under T.C.A. § 10-7-503, the Tennessee Public Records Act ("TPRA"), and under T.C.A. § 38-6-120, presently mandates that arrest records be made available to the public. For these reasons, the 1974 consent decree is hereby **VACATED**.

The court has been presented with a Motion for Further Relief to Assure Compliance

1

with the consent decree, filed by the plaintiff, John Doe (Docket No. 2), and with Motions to Vacate the consent decree filed by defendants Metropolitan Government of Nashville (Docket No. 8) and by the Tennessee Bureau of Investigation (Docket No. 11), and also with Motions to Vacate the consent decree filed by the intervenors, *The Tennessean* and NewsChannel 5, (Docket Nos. 5, Ex.1; 36, Ex. 2). On February 2, 2007, Magistrate Judge Bryant issued a Report and Recommendation, recommending that the plaintiff's Motion to Assure Compliance be granted in part and denied in part, and that the Motions to Vacate be denied. (Docket No. 29).

However, for the reasons expressed above and in the accompanying Memorandum, it is hereby **ORDERED** that the Report and Recommendation (Docket No. 29) is **REJECTED**. The court **DENIES** the plaintiff's Motion to Assure Compliance, and **GRANTS** the Motions to Vacate filed by the defendants and the intervenors. This case is **DISMISSED**.

Enter this 28th day of September, 2007

ALETA A. TRAUGER
United States District Judge