UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:73-CV-6971 |
| ) | Judge Aleta A. Trauger |
| ) | |
| BEVERLY BRILEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff John Doe ("Doe") has filed a Motion to add Named Plaintiff (Docket No. 189), to which defendants Beverly Briley, *et al.*, ("Metro") filed a Response in opposition (Docket No. 194), and Doe filed a Reply (Docket No. 199). Metro subsequently filed a supplemental brief in opposition (Docket No. 221), to which Doe filed a Response (Docket No. 224), and Metro filed a Reply (Docket No. 228). Doe has also filed a Motion to Enforce Judgment by Jane Roe in her Individual Capacity (Docket No. 217), to which Metro filed a Response in opposition (Docket No. 220). The motions will be denied.

This court has previously observed that "the procedural history of this case is both remarkable and tortured."[1] (Docket No. 201 at p. 2.) As explained at length in the court's August 27, 2014 Memorandum and Order, there came a time in the litigation of this matter when

---

[1] The procedural history of the case is set forth at length in previous opinions by this court and by the Sixth Circuit. *See, e.g., Doe v. Briley*, 511 F. Supp. 2d 904 (M.D. Tenn. 2007); *Doe v. Briley*, 562 F.3d 777 (6th Cir. 2009); *Doe v. Briley*, 2011 WL 129396 (M.D. Tenn. Jan. 14, 2011), and the court need not recite it for purposes of this limited opinion.

1

the parties began to litigate issues related to the 1973 Consent Decree, which to that point had only been addressed tangentially, as the 1974 Consent Decree had previously been the parties' primary focus. On May 14, 2011, the court, *inter alia*: (1) found that the scope of the 1973 Consent Decree should be modified in light of changed societal circumstances (granting in part and denying in part a Motion to Vacate filed by Metro); and (2) ordered the parties to negotiate in an attempt to agree to reasonable modifications of the 1973 Consent Decree. (Docket Nos. 125-26.) For over two years, the court oversaw negotiations between the parties, including numerous status conferences with, and written reports to, the court. (*See* Docket Nos. 133-165.) After the negotiations reached an impasse, the court ordered the parties to submit competing motions to modify the 1973 Consent Decree (Docket No. 165), which the parties filed (Docket Nos. 166 and 168.) Although the original 1973 Consent Decree was one paragraph, Doe filed a 43-page proposed modification; Metro filed a four-paragraph proposed modification.

On December 16, 2013, the same date that the parties filed their proposed modifications, Metro filed a Motion for Discovery of Class Representative, which sought discovery into (1) whether there was an active class member with standing to pursue a pending Motion for Contempt against Metro for non-compliance with the 1973 Decree, and (2) what modifications to the existing decree would address the concerns of individual class members. (Docket No. 169.) The parties made numerous filings regarding the appropriateness of this discovery. On February 26, 2014, the court granted Metro's Motion for Discovery of Class Representative and denied a Motion to Quash that Doe had filed. (Docket No. 187.) The court observed that, in the context of extended discussions with the parties, both the court and counsel for the defendants had begun to suspect that plaintiff's counsel was "negotiating on the basis of his own views and was not

2

consulting with the class representative, John Doe." The court found that "the defendants and the court are entitled to know whether there is a still a class representative and whether that person is adequately representing the class before this court in ongoing proceedings." (Docket No. 187.) The court ordered the parties to complete this discovery within 60 days. (*Id.*)

Approximately thirty days later, class counsel (1) filed the pending motion to add a Jane Roe as a plaintiff and class representative (Docket No. 189), with a supporting affidavit from Jane Roe (*id.*, Ex. A), and (2) moved to hold discovery in abeyance pending the court's ruling on the motion (Docket No. 190).[2] In its August 27, 2014 Memorandum and Order, the court found that discovery as to Jane Roe was particularly appropriate because "[s]he is seeking to be added as a party plaintiff to enforce (or at least force the modification of) Metro Nashville policies that potentially affect all Metro Nashville job applicants. The parties and the court will benefit from a better understanding as to how she purports to be an appropriate representative to procure these changes on behalf of unnamed members of the class." (Docket No. 201 at p. 8.) With the benefit of this discovery, the parties filed supplemental memoranda regarding the appropriateness of adding Jane Roe as a plaintiff and class representative.

Under Federal Rule of Civil Procedure 23, a representative plaintiff must demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Further, the Sixth Circuit uses a two-pronged test to determine whether the class representatives will "fairly and adequately protect the interests of the class" under Rule 23(a)(4): "(1)[T]he representative must have common interests with unnamed members of the class, and

---

[2] After initially agreeing to hold discovery in abeyance, upon a motion for reconsideration, the court denied that request and allowed discovery to proceed.

(2) it must appear that the representative will vigorously prosecute the interests of the class through qualified counsel." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976)). The "typicality" or "common interest" requirement ensures that the named plaintiff's overall position is sufficiently aligned with that of absent class members so that the case of the named plaintiff will advance the position of the class members.

Applying the evidence gathered in discovery to this legal standard, the court finds that Jane Roe would not be an adequate class representative. It is clear that the 1973 Decree seeks to protect those who have been arrested and for whom a record of that arrest would be relevant as part of the employment application process, thereby potentially hindering that applicant's ability to get the job. This is reflected in the explicit wording of the 1973 Decree:

> In recognition that fundamental constitutional rights of liberty and privacy are threatened by the use of arrest information by employers, the Metropolitan Government of Nashville and Davidson County Tennessee will henceforth refrain from *inquiring about, obtaining, or using any information regarding any arrests which have not resulted in a criminal trial or conviction for criminal activities*, *when considering applicants for employment* with the Metropolitan Government or the Metropolitan Board of Education at the present or in the future.

(Docket No. 19-1 (emphasis added).) Naturally, therefore, the information contained on a background check run on a potential employee is of paramount importance to the class. However, discovery has revealed that any background check would not reveal arrest information on Jane Roe in the first place, because her arrest record has been expunged. (Docket No. 221-1 at p. 5.) If she were to apply for a job with Metro or MNPS, therefore, only MNPS's independent knowledge of the circumstances related to Roe's prior termination could be the source of any

information about Roe; her background check would not reveal any information. Accordingly, Roe does not share a common interest with the class in this regard and is not an adequate class representative for those applicants whose arrest records are used by Metro or MNPS, when she herself has no arrest record. Moreover, because Roe has no arrest record, she would never have to participate in any process related to dealing with an adverse indication as a result of the presence of an arrest record and could not represent the interests of the class in regards to their rights *vis a vis* such a process.

Finally, Roe has admitted in discovery that, even though she has taken no steps yet to reapply at MNPS, if she did, she would not even make it to a background check because of her prior history at MNPS. (*Id*. at p. 9.) Roe testified that no one would need to pull any background records on her if she were to reapply because there are people at MNPS that know her and know of her past employment there. (*Id*.) In other words, the *real* concern advanced by Roe here is one about MNPS's institutional memory regarding Roe's personnel file and a desire for that file to be "wiped clean" and for her to then be rehired. Conversely – as Metro correctly indicates – the *real* concern of the class here is about searches for criminal records of arrests – something that Jane Roe does not even have for Metro or MNPS to attempt to locate upon her application for work.

The requirement that a class representative must adequately represent the class is "designed to protect the due process rights of absent class members." 5 MOORE'S FEDERAL PRACTICE 3d §23.25[1] (2013). Broadly speaking, to satisfy the "adequacy" standard, the interest of a named plaintiff need not be identical to the interests of all other members of the class; they must be representative but not necessarily identical. 5 MOORE'S FEDERAL PRACTICE

3d §23.25[2][a] (2013); *Gooch v. Life Ins. Co. of Am.*, 672 F.3d 402, 429 (6th Cir. 2012). This is not a case where Jane Roe's interests are close to those of the class but "not necessarily identical" – they are plainly different. And indeed, there are even situations where they could be directly at odds. For example, Jane Roe has conceded in discovery that her view of the 1973 Decree objects to the kind of modifications that the court has already found need to be made (and that counsel for both sides have been negotiating) because it would not necessarily allow her desired "wiping clean of work history" approach to flourish.

The court concludes that allowing the addition of Jane Roe as named plaintiff and class representative is not appropriate. Despite the vigorous litigation of this matter by class counsel, he would still be obligated to consult with and take direction from Jane Roe. This would not guarantee that this matter proceeded in a way that would best advance the interests of those with arrest records who are members of the class.

## CONCLUSION

Doe's Motion to add Named Plaintiff (Docket No. 189) is **DENIED**. Doe's Motion to Enforce Judgment by Jane Roe in her Individual Capacity (Docket No. 217) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Enter this 22nd day of February 2016.

_____
ALETA A. TRAUGER
United States District Judge